

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2008

# Liem v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3333

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Liem v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1151.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1151

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

IMG-080                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3333
_____

GUNAWAN LIEM,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A79 709 771
Immigration Judge: Alberto J. Riefkohl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 14, 2008

Before: BARRY, SMITH and HARDIMAN, Circuit Judges

Opinion filed May 22, 2008
_____

OPINION
_____

PER CURIAM

Gunawan Liem, a native and citizen of Indonesia, petitions for review of an order

of the Board of Immigration Appeals (BIA), denying his motion to reopen removal

proceedings. For the reasons that follow, we will deny the petition.

Liem entered the United States on February 28, 1999 on a non-immigrant visa with permission to remain for six months. Petitioner remained beyond the authorized period. He filed an application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT") in March 2003 and was served with a Notice to Appear on April 22, 2003, charging him as an overstay in violation of INA § 237(a)(1)(B). A few months later, Liem, through a new attorney, filed an amended application, claiming that he had suffered persecution in the past on account of his ethnicity (Chinese) and religion (Christian and Seventh Day Adventist), and that he feared persecution in the future. Liem acknowledged that the asylum petition was untimely, so that only withholding of removal and protection under the CAT was at issue. A.R. 253.

In an Oral Decision issued on December 9, 2003, the Immigration Judge ("IJ") granted Liem relief in the form of withholding of removal, based on his testimony regarding an incident from the 1998 Jakarta riots, and based on reports which the IJ considered to have established a pattern of discrimination against the Chinese. While the IJ stated that "[t]here is a doubt in the mind of the Court as to whether there is a question that Indonesia represents a direct danger to [Liem] or not," he nonetheless concluded that withholding of removal was warranted given the "patterns of behavior which appear to be endorsed by the government . . . [and] the official actions of the government in moving people of Islamic descent or Islamic belief into areas that have been controlled by the

Christian communities . . . ." See IJ's Decision at A.R. 246-47-14. In light of the fact that he granted Liem withholding of removal, the IJ determined that there was no need to address the CAT claim.

The Department of Homeland Security ("DHS") appealed the IJ's decision to the BIA. The BIA determined that the IJ had erred in granting Liem relief. In particular, the BIA, citing to this Court's opinion in Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005), concluded that Liem had not met his burden of proof in establishing a clear probability that he would be persecuted if returned to Indonesia. The BIA further stated that the IJ himself had noted his uncertainty as to whether Liem faced any real danger in Indonesia, and that the IJ's grant of relief was based on his personal belief that the Indonesian government is moving those with Islamic beliefs into Christian areas in the country in order to offset the traditional Christian strongholds–a belief which was not supported by information in the record. Finally, the BIA pointed out that, except in extraordinary cases, persecution does not include discrimination. Accordingly, in an Order dated July 29, 2005, the BIA sustained the DHS's appeal. A.R. 181-85. Liem did not file a petition for review of this decision.

Liem filed a motion to reopen with the BIA on August 24, 2005, with a supporting brief subsequently being filed on November 14, 2005, but the motion was erroneously rejected for lack of jurisdiction. A.R. 25. The BIA nevertheless considered Liem's brief

3

as a timely filed reopen motion, and denied it on March 28, 2007.[1]  A.R. 22-24.  The BIA

noted its previous determination that Liem had failed to show that he would face a clear

probability of persecution if returned to Indonesia.  The BIA considered, <u>inter alia</u>, the

2004 State Department Country Report on Human Rights Practices for Indonesia and the

2004 State Department International Religious Freedom Report for Indonesia submitted

with Liem's reopen motion.  While recognizing that the articles submitted by Liem

demonstrate the continuation of discrimination against ethnic Chinese people in

Indonesia, the BIA also noted the State Department's finding that the instances of such

discrimination and harassment "declined compared with previous years."  A.R. 24.  The

BIA thus concluded that Liem's filing was insufficient to show circumstances in

Indonesia that would warrant further consideration of his withholding of removal claim.

In issuing that order, the BIA noted in its caption that Liem was proceeding <u>pro se</u> despite

counsel's signing of the brief, because it did not have an attorney's Notice of Appearance.

Liem's attorney was nonetheless sent a copy of the BIA's decision as a courtesy.

After learning of the order denying Liem's reopen motion, Attorney Phipps sent a

letter to the BIA on May 1, 2007, indicating that her Notice of Appearance had been

previously submitted along with a timely motion to reopen.  Attorney Phipps attached to

that letter a copy of her previously submitted letter of August 18, 2005, Notice of

---

[1]  The BIA had requested a copy of the August 24th reopen motion from both Liem's
attorney and the DHS.  The decision states that neither party provided a copy.

Appearance, motion to reopen and motion for stay of removal, all dated August 18, 2005. In response to, and as a result of, that May 1st letter, the BIA issued an Amended Decision on July 19, 2007. A.R. 1-4. In that Amended Decision, the BIA vacated its order of March 28, 2007 and reinstated the proceedings. The text of its Amended Order is identical to that of its July 19th order (as explicitly noted by the BIA), except that: 1) the order now reflected that Liem was represented by counsel; 2) the BIA specifically noted its consideration of the reopen motion dated August 18, 2005, which had been provided by Liem's attorney, *together with* the Supporting Brief dated November 10, 2005; and 3) the original reference to the November 10th submission as a motion to reopen was corrected to reflect that it was a "Brief in Support of Motion to Reopen." The BIA's July 19th Amended Decision thus became the final order issued in the matter. Liem filed a timely counseled petition for review of the decision.

II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Our jurisdiction is limited to a review of the BIA's denial of Liem's motion to reopen, as Liem did not file a timely petition for review of the BIA's final order of removal. See Stone v. I.N.S., 514 U.S. 386, 405-06 (1995). We review the BIA's denial of a motion to reopen for an abuse of discretion. Borges v. Gonzalez, 402 F.3d 398, 404 (3d Cir. 2005). Under this standard, we will disturb the BIA's decision only if it is arbitrary, irrational, or contrary to law. Id.

Under the regulations, the BIA "has discretion to deny a motion to reopen even if

the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). As the Supreme Court has stated, the regulations "plainly disfavor" such motions. INS v. Abudu, 485 U.S. 94, 110 (1988). Accordingly, the Court reviews the Board's denial of a motion to reopen with "broad deference" to its decision. Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). Thus, in order to succeed on the petition for review, Liem must ultimately show that the BIA's discretionary decision was somehow arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

In his brief, Liem argues that the IJ properly granted withholding of removal, and that the BIA's reversal of this decision was in error. As noted, we lack jurisdiction to consider these arguments. We do have jurisdiction to consider Liem's argument that the Board denied him his due process rights in conjunction with his motion to reopen, i.e., the BIA's actions in allegedly losing counsel's EOIR-27 Notice of Appearance form and the brief submitted in support of the reopen motion.[2] Liem's due process argument is limited to one paragraph, which posits that the Board may have misplaced Liem's file because it was in the process of moving its offices, and then states, "one quite frankly wonders whether the entire application had been found and considered in the Board's decision." Petitioner's Brief at 10. As noted by respondent, the Board expressly stated that it considered the arguments contained in Liem's counseled supporting brief (the document

---

[2] We further have jurisdiction to consider Liem's argument that there is a probability that he will suffer persecution if returned to Indonesia, but only to the extent that the argument is related to the Board's decision to deny the motion to reopen.

6

which served as the actual reopen motion for its March 28, 2007 order and which clearly appears in the Administrative Record at A.R. 36-177), and reopened proceedings to specifically note its consideration of the actual reopen motion submitted by counsel in August 2005. A.R. 2-3. As Liem has not made any allegation that he was prejudiced by the Board's actions, his due process argument must fail. Bonhometre v. Gonzales, 414 F.3d 442, 448 (3d Cir. 2005) (alien must make an initial showing of substantial prejudice to prevail on due process claim).

Aside from the due process arguments, the only statement in Liem's brief regarding the Board's decision denying his motion to reopen is a statement that the Board's decision "constitutes nothing more than a cursory reiteration of its initial decision." Petitioner's Brief at 1. However, Liem does not explain how the Board's decision was an abuse of discretion, and we find no error in the decision.

For the foregoing reasons, we will deny the petition for review.[3]

---

[3] Petitioner's motion to expand the record is denied. This Court's review is limited to the administrative record. 8 U.S.C. § 1252(b)(4)(A).